UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 22-01454 FLA (RAO) | Date: | August 31, 2022 |
| Title: | Jacob Briseno v. James S. Hill, Warden | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME BARRED AND UNEXHAUSTED**

On August 15, 2022,[1] the Court received from Petitioner Jacob Briseno ("Petitioner"), a state prisoner proceeding *pro se*, a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court. *See* Dkt. No. 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has examined the Petition and determined that it appears to be untimely and unexhausted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

A.   Background

Based on attachments to the Petition, it appears that Petitioner was sentenced to a 12-year prison sentence in San Bernardino County Superior Court on March 6, 2017, after pleading nolo contendere to one count of second-degree robbery and one count of assault by means of force. Pet. at 26. Petitioner also admitted to a prior felony conviction. Pet. at 24.

Petitioner entered his plea pursuant to a plea agreement. Pet. at 17, 24. According to the Petition, the plea agreement included an appeal waiver at paragraph 20, which read: "I waive and give up any right to appeal from any motion I may have brought or could bring [] from the

---

[1]   Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Petition is unsigned and thus the Court cannot determine the date it was constructively filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 22-01454 FLA (RAO) | Date: | August 31, 2022 |
| Title: | Jacob Briseno v. James S. Hill, Warden | | |

conviction and judgment in my case since I am getting the benefit of my plea bargain." Pet. at 17.[2]

Petitioner did not appeal his conviction. From the face of the Petition, it does not appear that Petitioner has filed any state habeas petitions. A check of public state court records confirms that Petitioner has not filed any post-conviction collateral petitions.

  B. <u>Petitioner's Claim</u>

The Petition raises a single claim of ineffective assistance of counsel based on counsel's faulty legal advice in not advising Petitioner that the plea agreement's waiver of appeal rights was unenforceable. Pet. at 19.

  C. <u>AEDPA's Statue of Limitations</u>

Under 28 U.S.C. § 2244(d)(1), a prisoner must file his federal habeas petition within one-year of the latest of:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

---

[2] The Petition states that the plea agreement included an appeal waiver at paragraph 20, but the plea agreement attached to the Petition, which appears to be a standard state court form, does not include a paragraph 20. *See* Pet. at 22-23. It appears to the Court that the relevant page of the plea agreement is missing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 22-01454 FLA (RAO) | Date: | August 31, 2022 |
| Title: | Jacob Briseno v. James S. Hill, Warden | | |

1. Section 2244(d)(1)(A)

Here, Petitioner's conviction appears to have become final for AEDPA purposes in May 2017, when the time for filing an appeal expired under California law. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001); *see also* Cal. R. Ct. 8.308(a). Therefore, the statute of limitations for filing a federal habeas petition expired one year later, in May 2018. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); *see also* 28 U.S.C. § 2244(d)(1)(A). Petitioner waited until August 2022, four years later, to file the instant Petition. Under Section 2244(d)(1)(A), the Petition is untimely.

2. Section 2244(d)(1)(D)

Petitioner relies on the alternate trigger date for the running of the limitations period set forth in Section 2244(d)(1)(D) in asserting that the Petition is timely, stating specifically: "Petitioner did not become aware of the predicate that has led to reasonable (not maximum) due diligence until June 30th, 2022; and thus, has led to a focused petition/complaint long after Counsel refused to provide Petitioner copies of his case file." *See* Pet. at 19.

Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Here, Petitioner's claims arise from facts which he knew or should have known no later than the date he signed the plea agreement with the challenged appeal waiver that gives rise to his claim of ineffective assistance of counsel. Thus, it appears that Section 2244(d)(1)(D) is not applicable.

3. Equitable Tolling

Petitioner alternatively seeks equitable tolling of the limitations period to deem the Petition timely filed and cites to *Holland v. Florida*, 560 U.S. 631 (2010).

The limitations period may be subject to equitable tolling if a petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has the burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 22-01454 FLA (RAO) | Date: | August 31, 2022 |
| Title: | Jacob Briseno v. James S. Hill, Warden | | |

to demonstrate that he is entitled to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

The Petition states that Petitioner's counsel refused to provide Petitioner with copies of his case file. Even assuming his attorney abandoned him in failing to deliver copies of his case file, a "petitioner must also show that he diligently pursued his rights." *Brooks v. Yates*, 818 F.3d 532, 535 (9th Cir. 2016). Petitioner must show reasonable diligence, which "does not require an overzealous or extreme pursuit of any and every avenue of relief" but instead "requires the effect that a reasonable person might be expected to deliver under his or her particular circumstances." *Brooks*, 818 F.3d at 535. On the face of the Petition, Petitioner has failed to show reasonable diligence during the period of four years between May 2018 and August 2022 (the period between when the AEDPA limitations period expired and Petitioner filed the instant Petition) in attempting to obtain his case file. There is no indication of what attempts Petitioner made to contact his counsel and obtain copies of his case file. *See Holland*, 560 U.S. at 653 (petitioner wrote numerous letters to his attorney and contacted state courts and the state bar association). Even assuming attorney abandonment, Petitioner has failed to show that he exercised reasonable diligence thereafter. *See Richmond v. Gipson*, No. CV 14-6812-AG (AGR), 2017 WL 3301425, at *9 (Apr. 21, 2017).

      C.      <u>AEDPA's Exhaustion Requirement</u>

On its face, the Petition also appears to be unexhausted. Petitioner indicates that he has not appealed the decision of the trial court regarding his claim of ineffective assistance of counsel, nor does he indicate that he has filed state habeas petitions.

A petitioner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2245(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, the petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). The petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *See Peterson v. Lampert*, 319 F.3d 1153,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 22-01454 FLA (RAO) | Date: | August 31, 2022 |
| Title: | Jacob Briseno v. James S. Hill, Warden | | |

1156 (9th Cir. 2003) (en banc). Where none of the claims alleged in a federal habeas petition has been presented to the highest state court as required by the exhaustion requirement, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

  D. <u>Conclusion</u>

  In light of the foregoing, Petitioner **IS HEREBY ORDERED** to show cause, in writing, by **September 30, 2022**, why this action should not be dismissed as time barred and for failure to exhaust.

  Rather than file a response to this Order, Petitioner may choose to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a). **<u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>** Petitioner is advised that any dismissed claim may later be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), and is expressly warned that **failure timely response to this Order *will* result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.**

  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

  **IT IS SO ORDERED.**

Attachment: Notice of Dismissal Form

                                     Initials of Preparer  dl